# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DANIEL O. ROGERS,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 11-CV-499-FHM

## **OPINION AND ORDER**

Plaintiff, Daniel O. Rogers, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## **Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 8 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John W. Belcher was held July 16, 2009. By decision dated September 23, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 10, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 31 years old on the alleged date of onset of disability and 38 on the date of the ALJ's denial decision. He completed the 11th grade and completed a vocational program in building maintenance. He formerly worked as janitor, dishwasher, assembly, and box builder. He claims to have been unable to work since January 1, 2003 as a result of myositis, affective mood disorder, anxiety-related disorder, an antisocial personality disorder, and cocaine, marijuana, and alcohol dependence.

## **The ALJ's Decision**

The ALJ determined that Plaintiff is disabled, but his problems have been co-extensive with his drug use and non compliance with medical treatment and medications. [R. 27]. The ALJ found that if Plaintiff stopped substance abuse, he would have the residual functional capacity (RFC) to perform work at the medium exertional level as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c). He would be able to perform simple and some repetitively complex work in a habituated work setting requiring no safety operations and hypervigilence. He would be able to have superficial contact with co-workers and

2

supervisors, but would be unable to perform fast paced or highly stimulating work, and could have no public contact. [R. 25].

The ALJ further found that if Plaintiff stopped substance abuse, he would be able to perform his past relevant work as a janitor, dishwasher, assembly, and box builder. [R. 28]. The case was thus decided at step four of the five-step evaluative sequence for determining whether Plaintiff is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred in failing to order a mental consultative examination and by failing to perform a proper analysis at step four of the evaluative sequence.

## **Analysis**

### Step Four Analysis of Past Relevant Work

The ALJ found that if Plaintiff stopped substance use, he could return to his past relevant work as a janitor, dishwasher, doing assembly, and a box builder. [R. 28]. Plaintiff argues that the case should be reversed because the ALJ failed to make specific findings about the mental and physical demands of his past relevant work as required by *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996). The court agrees.

Social Security Ruling (SSR) 82-62, 1982 WL 31386, addresses the policy and procedures for determining a claimant's capacity to do past relevant work. The ruling states that the rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly

3

how specific evidence leads to a conclusion. *Id.* at *4. In finding that a claimant has the capacity to return to past relevant work, the determination must contain the following specific findings of fact: 1) the individual's RFC; 2) the physical and mental demands of the past work; and 3) that the individual's RFC would permit a return to the past work. *Id.*

The ALJ found that Plaintiff's mental impairments limited him to performing work that did not require more than superficial contact with co-workers and supervisors and no public contact. [R. 71, 25]. He also found that Plaintiff was required to work in a setting that was not fast-paced or highly stimulating and with no safety operations or requiring hypervigilance or alertness. *Id*. At the hearing the ALJ asked the vocational expert to summarize Plaintiff's past work history to include "job title, the exertional level as stated in the *Dictionary of Occupational Titles*, and also as actually performed, and the skill level." [R. 68]. The ALJ did not ask the vocational expert any questions about the mental demands of Plaintiff's past work and no such information was provided. [R. 68-72]. The record contains only the vocational expert's bare testimony that Plaintiff could perform his past relevant work. [R. 71]. The entirety of the discussion in the denial decision of the requirements of Plaintiff's past relevant work follows:

> In comparing the residual functional capacity the claimant would have if he stopped the substance use with the physical and mental demands of this work, the undersigned finds that the claimant would be able to perform it as actually performed. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

[R. 28]. This falls short of meeting the requirements of a proper analysis of past relevant work at step four.

4

In *Winfrey v. Chater*, 91 F.3d 1017, 1024 (10th Cir. 1996), the Tenth Circuit ruled that in order to make the necessary findings to determine whether a claimant can return to past relevant work, "the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" (quoting SSR 82-62). The *Winfrey* Court stressed that:

> care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.

*Id*. (internal quotation omitted).

The instant case is like *Winfrey* in that in both cases the ALJ made no inquiry into the mental demands of the past relevant work. In both cases the ALJ relied entirely on the vocational expert's testimony that Plaintiff could perform the past work. The *Winfrey* Court noted the "practice of delegating to a [vocational expert] many of the ALJ's fact finding responsibilities at step four . . . is to be discouraged." 92 F.3d at 1025. The Court stated that since the scope of jobs is limited to those that qualify as Plaintiff's past relevant work, it is feasible for the ALJ to make specific findings about the mental and physical demands of the jobs at issue, and furthermore such findings are necessary for meaningful judicial review. *Id*. Where, as here, the ALJ makes findings only about Plaintiff's limitations and the remainder of the step four assessment takes place in the vocational expert's head, there is nothing for the court to review.

In this case the ALJ found Plaintiff had severe mental impairments and found that those impairments resulted in work-related limitations. The ALJ found that Plaintiff could perform his past relevant work in spite of his work-related mental limitations, but that finding was made without inquiry into, or findings about, the specific mental demands of Plaintiff's past relevant work. Under *Winfrey,* the ALJ's decision that Plaintiff can perform his past relevant work cannot be sustained.

The court rejects the Commissioner's argument that the ALJ's decision should be sustained because Plaintiff "has failed to show why the ALJ should make [specific findings regarding the mental demands] for a job which Plaintiff admittedly performed with the impairment he now alleges is disabling, but for which he has not shown any deterioration." [Dkt. 19, p. 7]. The Commissioner has not pointed to any finding by the ALJ concerning whether Plaintiff's disorder has changed significantly from the time when he was performing his past work. Such a factual finding is one that should be made by the ALJ, not by the Commissioner's attorneys.

<u>Consultative Examination</u>

According to Plaintiff, the ALJ should have ordered a consultative mental examination to substantiate the finding that Plaintiff's drug and alcohol addiction was a material contributing factor to his disability. The ALJ accurately outlined the medical evidence and cited to substantial evidence in the record to support the conclusion that Plaintiff's "problems are co-extensive with drug use and non-compliance with medical treatment, including non compliance with medications and continuation, until recently, of marijuana, amphetamine, and cocaine use." [R. 27]. As a result, the court finds no error in the ALJ's failure to order a consultative mental examination. *See Hawkins v. Chater*,

113 F.3d 1162, 1169 (10th Cir. 1997) ("[T]he ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability").

## Conclusion

The ALJ's decision is REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

SO ORDERED this 21st day of September, 2012.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE